IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MARIA E. PEREZ**     **PLAINTIFF**

vs.     No. 1:22-cv-2773

**PROFESSIONAL DENTAL ALLIANCE OF**     **DEFENDANTS**
**LOMBARD, PLLC, and PROFESSIONAL**
**DENTAL ALLIANCE OF ILLINOIS, PLLC**

## ORIGINAL COMPLAINT

Plaintiff Maria E. Perez, by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint ("Complaint") against Defendant Professional Dental Alliance of Lombard, PLLC, and Professional Dental Alliance of Illinois, PLLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper compensation under the FLSA, the IMWL and the IWPCA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the IMWL and the IWPCA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Cook County.

7. Separate Defendant Professional Dental Alliance of Lombard, PLLC ("PDA Lombard"), is a domestic professional limited liability company.

8. PDA Lombard's registered agent for service of process is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9. Separate Defendant Professional Dental Alliance of Illinois, PLLC ("PDA Illinois"), is a domestic professional limited liability company.

10. PDA Illinois's registered agent for service of process is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. Defendants do business as Grove Dental Associates.

12. Defendants maintain a website at https://grovedental.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant owns and operates a dentistry practice in Lombard.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16. Upon information and belief, the revenue generated from PDA Lombard and PDA Illinois was merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise

18. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as materials, tools and equipment.

19. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

20. Defendant employed Plaintiff as a Dental Assistant from December of 2020 until March of 2022.

21. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, the IMWL and the IWPCA.

22. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA and the IMWL and was paid an hourly wage.

23. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

24. Plaintiff regularly worked over forty hours per week.

25. Plaintiff regularly worked hours which went uncompensated.

26. Specifically, Plaintiff was often required to complete patient charting while not clocked in.

27. Plaintiff completed charting within Defendant's software system, and upon information and belief her work was timestamped.

28. Additionally, Plaintiff sometimes arrived before her shift was scheduled to start in order to get the day's cases ready for the dentist.

29. Plaintiff discussed her off the clock work with her manager.

30. Defendant knew or should have known that Plaintiff worked hours which went uncompensated.

31. Defendant failed to pay Plaintiff 1.5x her regular rate of pay for all hours worked over 40 each week.

32. Plaintiff worked off the clock in most weeks during her employment with Defendant and therefore incurred damages in most weeks.

33. Specifically, upon information and belief, Plaintiff worked off the clock and incurred damages in the following weeks, without limitation: February 14, 2021; February 21, 2022; and February 28, 2022.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the IMWL.

### V. FIRST CLAIM FOR RELIEF—FLSA VIOLATION

35. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

36. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

38. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

39. Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA.

40. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

41. Defendant failed to pay Plaintiff for all hours worked.

42. Defendant knew or should have known that its actions violated the FLSA.

43. Defendant's conduct and practices, as described above, were willful.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

45. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.     SECOND CLAIM FOR RELIEF—IMWL VIOLATION

47. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

49. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

50. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

51. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

52. Defendant failed to pay Plaintiff for all hours worked.

53. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

55. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. THIRD CLAIM FOR RELIEF—IWPCA VIOLATION

56. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

57. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

58. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

59. Section 4 of the IWPCA states, "All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

60. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

61. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

62. Defendant did not pay Plaintiff all wages and final compensation due.

63. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

64. Defendant knew or should have known that its actions violated the IWPCA.

65. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Maria E. Perez respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA, the IMWL, the IWPCA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

D. An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MARIA E. PEREZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com